**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1438
_____

TERRELL MARSHALL,
Appellant

v.

NELSON ANTHONY IANNUZZI;
HARESH PANDYA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-20-cv-00489)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 22, 2022
Before:  JORDAN, SHWARTZ, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 7, 2022)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Terrell Marshall appeals the District Court's order granting Appellees' motion for summary judgment. For the reasons that follow, we will summarily affirm the District Court's judgment.

The procedural history of this case and the details of Marshall's claims are well known to the parties, set forth in the Magistrate Judge's Report and Recommendation, and need not be discussed at length. Briefly, on April 1, 2018, Marshall, a state prisoner, sustained an injury to his calf and was given crutches and Motrin by a nurse. Appellee Iannuzzi, a certified registered nurse practitioner, examined him the next day, recommended ice and Motrin, and scheduled daily monitoring by the nursing staff. Marshall had pain and swelling which increased. On April 7, Appellee Dr. Pandya sent Marshall out to a hospital for an ultrasound. After a blood clot was discovered, Marshall was prescribed anticoagulants and returned to prison. On April 12, Dr. Pandya sent Marshall back to the hospital for a follow-up ultrasound which showed more clots and a hematoma. Marshall returned to the prison and was scheduled to see Dr. Pandya the next day. Later that night, however, Marshall suffered from shortness of breath and was spitting up blood-tinged mucus. Dr. Pandya ordered that he be taken to a hospital via an ambulance. At the hospital, Marshall underwent emergency surgery on his leg and two follow-up surgeries. Marshall subsequently filed a civil rights complaint alleging that Iannuzzi and Dr. Pandya had been deliberately indifferent and negligent in their treatment

2

of his leg injury. Appellees filed a motion for summary judgment. After the District Court granted the motion, Marshall filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order granting summary judgment de novo and review the facts in the light most favorable to Marshall as the nonmoving party. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The District Court thoroughly described the factual background of the case and Marshall's allegations against the Appellees. We agree with its analysis and write here to discuss Marshall's arguments on appeal.

Eighth Amendment claims

In order to establish a claim under the Eighth Amendment for denial of medical care, Marshall needed to show that the Appellees were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A medical need is serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cty Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (citation omitted). Deliberate indifference can be shown by a prison official

3

"intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05. Mere disagreement as to the proper medical treatment will not support a claim under the Eighth Amendment, see Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004), and courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." Inmates of Allegheny Jail v. Pierce, 612 F. 2d 754, 762 (3d Cir. 1979) (citation omitted, alteration in original).

Marshall has not shown that Iannuzzi or Dr. Pandya intentionally denied or delayed any medical care. While he believed he should have been sent to an outside hospital sooner than he was, he has offered nothing to suggest that Appellees' treatment decisions were not based on their professional judgment or violated any professional standard of care. Pearson v. Prison Health Serv., 850 F.3d 526, 535 (3d Cir. 2017) ("[W]hen medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care.").

On appeal, Marshall argues that he is not challenging the delay in treatment but rather the denial of treatment. However, he was provided with ice, Motrin, crutches, pain medication, blood thinners, the opportunity to be checked by nurses three times a day, ultrasounds, and ultimately, surgery. Marshall has failed to show that there is a genuine dispute as to any material fact regarding his claims of deliberate indifference.

State law claims

Marshall also challenges the District Court's grant of summary judgment with respect to his state-law claims against Appellees. The District Court determined that those claims required expert evidence to support them because whether Appellees' treatment of Marshall rose to the level of malpractice was not within the knowledge of an average layperson. Because Marshall submitted no such expert evidence, the District Court concluded that summary judgment was appropriate. See generally Pa. R. Civ. P. 1042.3(a).

On appeal, Marshall first argues that expert evidence is not required for the claims against Iannuzzi because, as a certified registered nurse practitioner, he is not a licensed professional. However, under Pennsylvania law, a "licensed professional" includes nurses. See Pa. R. Civ. P. 1042.1(c)(1)(vii). Rule 1042.1 refers to the Professional Nursing Law which, in turn, defines a "certified registered nurse practitioner" as a registered nurse licensed in this Commonwealth who is certified by the board in a particular clinical specialty area. See 63 Pa. Stat. Ann. § 212(12). Thus, Iannuzzi is a licensed professional.

Marshall also contends that Iannuzzi's alleged negligence was clear because he told Iannuzzi that he heard a "pop" and the average person knows that this is indicative of a tear in the muscle. Marshall contends that no expert evidence is necessary to establish

that.  We disagree.  Such purported knowledge is not within the ken of the average person.  See generally McCool v. Dep't of Corr., 984 A.2d 565, 571 (Pa. Commw. Ct. 2009) (explaining that "generally when the complexities of the human body are involved expert testimony is required to aid the jury in reaching conclusions as to the cause of pain or injury" (quoting Wareham v. Jeffes, 564 A.2d 1314, 1321 (Pa. Commw. Ct. 1989)).

The District Court did not err in granting Appellees' motion for summary judgment.  Summary action is appropriate if there is no substantial question presented in the appeal.  See 3d Cir. L.A.R. 27.4.  For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  See 3d Cir. I.O.P. 10.6.  Appellant's motion for a certificate of appealability is denied as unnecessary.  See 28 U.S.C. § 2253(c)(1) (describing appeals which require a certificate of appealability). We have, however, considered the arguments therein.